GEORGE S. MERRILL *vs.* OLD COLONY MUTUAL INSURANCE COMPANY.

Suffolk.    September 7, 1897. — November 22, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Assessment upon Members of Mutual Fire Insurance Company — Statute.*

On a petition by the receiver of a mutual fire insurance company, praying that an assessment upon the members might be revoked, and that the directors might be required to make a new one under St. 1894, c. 522, § 49, which authorizes this court to make such decrees as under the circumstances justice and equity may require, it appeared that the previous assessment was made in good faith; that no policy holder ever objected to its validity; that the company had issued many policies to non-residents; that nearly all the resident policy holders had paid their assessments before the appointment of the receiver, but only a few of the non-residents had so paid; that the receiver had collected a small sum on the assessments and believed that little more could be collected; that there had been no finding that the assessment was illegal, although the receiver doubted its validity; and that the new assessment, if ordered, would be designed to meet the same losses as the first assessment. *Held,* that justice and equity did not require a new assessment to be made.

PETITION IN EQUITY, by the receiver of the defendant insurance company, praying that an assessment heretofore made by the directors thereof be revoked, and that they be required to make another assessment under the provisions of St. 1894, c. 522, §§ 47, 48, as amended by St. 1897, c. 197, § 2. Hearing before *Morton,* J., who, in addition to the facts stated in the petition, which he found to be true, and the material portions of which appear in the opinion, found that all outstanding policies were cancelled on July 14, 1896, and that the receiver would not be able, after his appointment and before July 14, 1897, to make the necessary computations to lay an assessment, have his application referred to an auditor, and the auditor's report confirmed by the court. The judge reported the case to the full court; such decree to be entered, or other disposition made of the petition, as should seem meet.

*W. B. French,* receiver, *pro se.*

ALLEN, J. This is a petition by the receiver of a mutual fire insurance company, praying that an assessment heretofore made

upon the members by the directors of the company may be revoked, and that the directors be required to make a new assessment under the provisions of St. 1894, c. 522, § 49, which authorize this court to make such orders and decrees in the premises as under all the circumstances justice and equity require. The assessment heretofore made was made in good faith, as we must assume in the absence of any suggestion to the contrary, and no policy holder, so far as appears, has ever objected to its validity. The company had issued many policies to non-residents of this Commonwealth. Nearly all of the resident policy holders paid their assessments before the appointment of the receiver, but only a few of the non-residents have so paid. The receiver himself has proceeded with the collection of the assessments, and has collected a small sum, and believes that little more can be collected. He also says that grave doubt exists whether the assessment was equitable and legally laid. The ground of doubt is not stated, and there has been no finding that the assessment was illegal. Certainly it was acted upon as valid by all parties concerned, until the receiver found that little more could be collected upon it. Under this state of things, the question arises whether justice and equity require a new assessment to be ordered.

It is open to doubt whether it is competent under the statute to lay a new assessment. The assessment heretofore made was ordered on May 11, 1896. All the policies were cancelled by vote of July 14, 1896, and this would prevent any liability for losses occurring after that date. It does not appear that there were any losses between those dates. The new assessment, therefore, if ordered, would be designed to meet the same losses as the first assessment. In *People's Ins. Co.* v. *Allen,* 10 Gray, 297, it was held that, where the original assessment was illegally laid, a new one might be ordered, although a small number of policy holders had paid the original assessment, credit being given for the amounts so paid. In the present case, the original assessment must be taken to have been legal, and it has been paid by nearly all of the resident policy holders, and it would seem that little or nothing can be collected of others.

Without absolutely deciding that it is not competent to lay a

new assessment, justice and equity do not require it to be done under the existing circumstances. Nothing is shown to call for a new assessment, except the non-collection of a large portion of the old one. The effect of a new assessment, if valid, would be to impose on resident policy holders a disproportionate burden, and in effect to make them pay for non-residents. It does not appear where the losses occurred which it is now sought to raise the money to pay. A proportionate share of them may have been out of the State. However that may be, it appears in effect that only resident policy holders can be relied on to pay an assessment, and nearly all of these have already paid sums which were assessed in good faith as sufficient for the purpose, and which probably are their full proportionate share of the losses incurred. Under these circumstances, no new assessment should be laid upon them.       *Petition dismissed.*